# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO, CALIFORNIA

| | |
|---|---|
| PORCHA NEAL, | 1: 12-cv-01327-AWI-BAM |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Porcha Neal ("Plaintiff"), proceeding pro se and in forma pauperis, has filed this civil rights action against the United States Department of Justice (the "DOJ") for events related to her arrest and incarceration in the criminal action of *United States of America v. Major, et al.,* No. 07-cr-00156-LJO (E.D. Cal., 2007).  Plaintiff alleges violations of 42 U.S.C. §§ 1983, 1985, 1986, 1988[1], the Fourth and Fourteenth Amendments of the United States Constitution, false arrest, false imprisonment, battery, negligence and violations of the Bane Act, Cal. Civ. Code §§ 51.7; 52.1.

---

[1] Plaintiff references claims under 42 U.S.C. §§ 1985, 1986 and 1988 in the first paragraph of her complaint.  *See,* Pl.'s Compl., ¶ 1, Doc. 1.  However, Plaintiff omits these causes of action from her "Claims for Relief," makes no other reference to these statutes, and otherwise fails to articulate any allegations supporting such claims.  The Court does not address these claims.

Plaintiff brings this complaint to challenge the propriety of her arrest and the adequacy of her medical treatment while incarcerated.  Explained in greater detail below, Plaintiff's Complaint fails to state a cognizable claim because she has asserted improper claims against an improper defendant.  Plaintiff will be granted leave to amend her complaint in a manner consistent with this order.

## II.   BACKGROUND

On or about June 14, 2007, an arrest warrant was issued for Plaintiff in *United States of America v. Major, et al.,* No. 07-cr-00156-LJO (E.D. Cal., 2007).  Pl.'s Compl., ¶ 13, Doc. 1.  Among other charges, Plaintiff was charged with conspiracy to interfere with commerce by robbery.  *Id.*  After her arrest, a detention order requiring Plaintiff to remain in custody pending trial was subsequently issued.  *Id.* at ¶ 14.  Plaintiff remained incarcerated from June 15, 2007 until December 23, 2009, at which point Plaintiff was acquitted of all criminal charges against her.  *Id.* at ¶¶ 15, 17, 20.

Sometime prior to April 10, 2008, Plaintiff began to suffer from "severe dental pain and discomfort."  *Id.* at ¶ 17.  Shortly thereafter, Plaintiff filed a motion in the *Major* proceeding to compel the U.S. Marshall to transport her for outside dental treatment.  *Id.* at ¶ 17.  The motion was denied.  *Id.*

## III.   DISCUSSION

### A.   Screening Standard

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

**B.     Plaintiff Fails to State A Claim Under 42 U.S.C. § 1983**

Plaintiff has asserted the following claims against the DOJ, "DOE [DOJ] Officers," and "DOE [DOJ] Supervisors" under 42 U.S.C. § 1983: (1) unreasonable search, seizure, detention and arrest under the Fourth and Fourteenth Amendments; (2) Denial of proper medical care under the Fourth and Fourteenth Amendments; and (3) Municipal and supervisory liability under the Fourth and Fourteenth Amendments.

Federal agencies and employees are not subject to suits under Section 1983. "[B]y its very terms, § 1983 precludes liability in federal government actors." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint "invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors").

When a party seeks to bring a civil rights action against a federal officer, it is by way of a *Bivens* action. *Western Center for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000); *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *see also, Butz v. Economou,* 438 U.S. 478, 486, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (Bivens established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331].") "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). A *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Plaintiff's only remedy for an alleged constitutional violation is against the individual official. *Malesko*, 534 U.S. at 72. *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Thomas–Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir.1988); *Daly–Murphy*, 837 F.2d at 355.

Neither the DOJ, nor their "officers" or "supervisors," are amenable to suit under Section 1983. For this reason alone, Plaintiff's Complaint fails to state a claim under Section 1983. Plaintiff's only potential remedy against an employee of the DOJ is by way of a *Bivens* action.[2] However, the DOJ, as a federal agency, is not subject to a *Bivens* action. A *Bivens* action may

---

[2] It may be that Plaintiff could state a claim for relief under 42 U.S.C. § 1983 and violations of the Eighth Amendment against individual Fresno County jail officials, and/or that she could state a claim against individual federal arresting officers under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, such claims were not pled here.

4

only be brought against the responsible federal official in his or her individual capacity.

Moreover, Plaintiff's Complaint fails to plead a connection between the actions of a particular DOJ employee and her resulting grievances. Plaintiff has not identified any employees of the DOJ responsible for Plaintiff's arrest or the provision of Plaintiff's medical care. Plaintiff must demonstrate a causal connection between the actions of a DOJ agent and the alleged constitutional deprivation. Plaintiff has failed to allege facts indicating the DOJ or any of their agents or employees were responsible for affecting Plaintiff's arrest. Plaintiff alleges no facts demonstrating the DOJ had authority or substantial supervision over the daily operations and provision of medical care at the Fresno County jail. Thus, even if Plaintiff properly styled her claims as a *Bivens* action against individual DOJ employees, her Complaint would fail.

For the foregoing reasons, Plaintiff's Section 1983 claims must be dismissed in their entirety.

### C. Plaintiff Fails to State A Cognizable State Law Claim

Plaintiff has asserted the following state law claims against the DOJ, "DOE [DOJ] Officers," and "DOE [DOJ] Supervisors" under California state law: (1) Battery; (2) Negligence; and (3) Violations of the Bane Act, Cal. Civ. Code §§ 51.7, 52.1.[3] These California claims relate both to the propriety of her arrest as well as the alleged lack of medical care.

The United States and its agencies are immune from suit absent a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts committed by government employees. *Delta Savings Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001). This

---

[3] Plaintiff has not alleged any facts to support her claims under the Bane Act. California Code section 51.7 ("Unruh Act") establishes the right of individuals "to be free of violence, committed against their persons or property" on account of their political affiliation, or on account of their race, sex, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation. Plaintiff has not alleged any facts to support a claim that the harm she suffered was the result of violence committed on account of her race or gender or on account of any of the other listed categories. In a similar vein, California Civil Code section 52.1 (the "Bane Act") provides a cause of action in equity and statutory civil penalty for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ.Code § 52.1(a). Plaintiff has not alleged any Constitutional right infringed upon by "threats, intimidation or coercion." Accordingly, even if Plaintiff's state law claims were not deficient for the reasons discussed below, Plaintiff has failed to plead sufficient facts to state a claim under the Bain Act.

waiver includes "tort claims arising out of negligent conduct of government employees acting within the scope of their employment," *Terbush v. United States*, 516 F.3d 1125, 1128-29 (9th Cir. 2008), if the United States, as a private person, would be liable to the plaintiff under California tort law. *United States v. Olson,* 126 S. Ct. 510, 511 (2005); *Delta Savings Bank*, 265 F.3d at 1025.

Further, pursuant to Federal Rule of Civil Procedure 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Under the FTCA, the only proper party defendant is the United States. *Kennedy v. United States Postal Office*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). A claim against a federal agency is not a claim against the United States. *Id.*

Accordingly, the DOJ, as an agency of the United States, is not amenable to suit under California state tort law. Any tort remedy sought against an agency of the United States must be brought under the Federal Tort Claims Act. Moreover, any such claim must be brought against the United States, and not one of its agencies.

Lastly, Plaintiff's California tort claims suffer from the same causation problems as her Section 1983 claims. Plaintiff has not identified any employees of the DOJ responsible for Plaintiff's arrest or the provision of Plaintiff's medical care. Thus, even if Plaintiff properly styled her California tort claims as FTCA claims against specific DOJ employees, they would fail.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint, in a manner consistent with this Order, within thirty (30) days of service of this Order.

IT IS SO ORDERED.

Dated:   **January 15, 2013**           /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE