UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORCHA NEAL,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES, CHARLES RENFRO, DARRYL THOMAS, KIMBERLY A. SANCHEZ, KATHLEEN A. SEVATIUS,<br><br>   Defendants. | Case No.: 1:12-cv-01327-AWI-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

Plaintiff Porcha Neal ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil rights complaint to challenge the propriety of her arrest, continued incarceration, and the adequacy of her medical treatment while incarcerated. Explained in greater detail below, Plaintiff's Complaint fails to state a cognizable claim. Plaintiff will be granted leave to amend her complaint in a manner consistent with this order.

## II.    BACKGROUND

An arrest warrant was issued for Plaintiff around June 14, 2007 in *United States v. Major, et al.*, No. 07-cr-00156-LJO (E.D. Cal. 2007). Pl.'s Am. Compl. ¶ 14, Doc. 8. Plaintiff was arrested by two unidentified Fresno Police officers and charged with conspiracy to interfere with commerce by

1

robbery. *Id.* That same day, Plaintiff was interrogated by Defendant ATF Agent Darryl Thomas ("Thomas") and Fresno Police Officer Charles Renfro ("Renfro"). Plaintiff alleges there was no probable cause or reasonable suspicion for her arrest.

On June 21, 2007 a detention order was issued requiring Plaintiff to remain in custody pending trial. *Id.* ¶ 16. During the detention hearing, Plaintiff alleges Defendant prosecutors Kimberly A. Sanchez ("Sanchez") and Kathleen A. Sevatius ("Sevatius") made false statements resulting in Plaintiff's continued incarceration. Plaintiff remained incarcerated from June 15, 2007 until December 23, 2009, at which point Plaintiff was acquitted of all criminal charges against her. *Id.* ¶¶ 16, 22.

During her incarceration, Plaintiff filed a motion to compel the U.S. Marshall to transport her for outside dental treatment. *Id.* ¶ 17. Specifically, Plaintiff sought an out-patient root canal procedure. However, the motion was denied, and the custodial medical staff performed a tooth extraction procedure.

After Plaintiff's acquittal, she filed a complaint in this Court which was dismissed with leave to amend. (Doc. 4.) Plaintiff filed a First Amended Complaint ("FAC") alleging the following claims: (1) Unreasonable search and seizure under the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); (2) violation of the Speedy Trial Act (18 U.S.C. §§ 3161-3174) and the Sixth Amendment; and (3) violation of the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680), predicated on violations of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. The former two claims are alleged against the individual defendants, whereas Plaintiff's claim under the Federal Tort Claims Act is alleged against the United States of America.

### III.   DISCUSSION

**A.   Screening Standard**

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be

granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678-79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**B.     Unreasonable Search, Seizure, Detention and Arrest**

    **1.     The First Claim Fails to State a Claim**

The first claim alleges defendants detained and arrested plaintiff without probable cause in violation of the Fourth and Fourteenth Amendment. Pl.'s Am. Compl. ¶ 15, 24. The Court takes judicial notice that in plaintiff's underlying criminal case, 07CR0156, a grand jury returned an indictment indicting plaintiff with counts of Conspiracy to commit robbery, brandishing a firearm, and interference with commerce. (Case 07CR0156, Doc. 1, p.26.) Judicial notice may be taken "of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); "[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). The filing of a valid grand jury indictment establishes probable cause for plaintiff's arrest and vitiates a Fourth Amendment claim. *See Kalina v. Fletcher,* 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) ("The Fourth Amendment

3

requires that arrest warrants be based upon probable cause, supported by [o]ath or affirmation-a requirement that may be satisfied by an indictment returned by a grand jury ....") (internal quotation marks omitted) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (noting that "th[is] Court has held that an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry"). Accordingly, this first claim for detention and arrest without probable cause will be dismissed without leave to amend.

### 2. Renfro, Thomas and Doe Defendant Officers Have Qualified Immunity

Further, the court must dismiss a claim if the claim seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). A two-step approach is used determine whether qualified immunity applies. First, the court determines whether a constitutional right was violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court determines whether that right was clearly established. *Id.* Courts are permitted to choose which step in the analysis to apply first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). These same analysis for qualified immunity applies to actions under both *Bivens* and 42 U.S.C. § 1983. *Butz v. Economou*, 438 U.S. 478, 504 (1978). Therefore, the same discussion applies to Renfro and Thomas.

Applying the "clearly established" test first, the right must be sufficiently clear that a reasonable official would have known his conduct was unlawful. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff's FAC alleges that the United States District Court issued a warrant for her arrest on or about June 14, 2007. Pl.'s Am. Compl. ¶ 14. Subsequently, two unidentified Fresno Police officers arrested her. *Id.* at ¶ 15. After spending twelve hours in a holding cell, Plaintiff was interrogated for two hours by Renfro and Thomas. *Id.* Plaintiff does not make any allegations that Defendants Renfro, Thomas or Doe Officers took any action unrelated to the arrest warrant, or that these Defendants engaged in improper conduct in executing the arrest warrant.

Even if a constitutional right was violated, a reasonable officer would not have known that arresting and interrogating a suspect pursuant to a valid arrest warrant violated any Constitutional rights. *See Armstrong v. Asselin,* 734 F.3d 984 (9th Cir. 2013) ("where the search or seizure is executed pursuant to a warrant, the fact that a neutral magistrate issued the warrant 'is the clearest

4

1  indication that the officers acted in an objectively reasonable manner.'") Indeed, when executing an
2  arrest warrant, an officer can be protected by qualified immunity even if the warrant itself was
3  unconstitutional. *Groh v. Ramirez*, 540 U.S. 551, 563 (2004). Affording Plaintiff's allegations every
4  benefit of the doubt, Plaintiff's FAC demonstrates that Defendants Renfro, Thomas and Doe Officers
5  did nothing more than carry out the orders of a United States Magistrate Judge. This circumstance
6  entitles them to qualified immunity. Accordingly, Plaintiff's Fourth and Fourteenth Amendment
7  claims against Renfro, Thomas and Doe Defendant officers are dismissed without leave to amend.

### 3. Defendant Prosecutors Sanchez and Servatius Have Absolute Immunity

Plaintiff asserts that Defendant prosecutors Sanchez and Servatius violated her right to be free from unreasonable search, seizure, detention, and arrest under the Fourth Amendment by making false statements during Plaintiff's detention hearing, resulting in Plaintiff's continued incarceration.

Under 28 U.S.C. § 1915(e)(2), the court must dismiss the case at any time if the action seeks monetary relief against a defendant who is absolutely immune from such relief. Absolute immunity gives certain officials absolute protection from civil liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 269 (1993). Prosecutors are entitled to absolute immunity when engaged in functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1967); *Burns v. Reed*, 500 U.S. 478, 486 (1991). Absolute prosecutorial immunity protects the criminal system by ensuring that prosecutors are not afraid to effectively litigate because of the threat of suit. *Id.* at 424-25. Further, the judicial process is a check on prosecutorial actions, which reduces the need for private actions to control unconstitutional conduct. *Burns v. Reed*, 500 U.S. 478, 492 (1991) (citing *Butz v. Economou*, 438 U.S. 478, 512 (1978)). To determine if absolute immunity applies, we examine "the nature of the function performed, not the identity of the actor who performed it." *Id.* at 127 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).

Here, Plaintiff alleges that Sanchez and Servatius detained her without "reasonable suspicion" or "probable cause." Pl.'s Am. Compl. ¶ 16, 24, Doc. 8. Specifically, Plaintiff alleges that Sanchez presented facts during a detention hearing that were not substantiated during discovery. *Id.* ¶ 16. However, any arguments or evidence presented during a bond or detention hearing is intimately associated with the judicial process and protected by absolute immunity. *Burns v. Cnty. of King*, 883

5

F.2d 819, 821-22 (9th Cir. 1989); *see also, Kriege v. Hara,* 2012 WL 1755671, *7–8 (D. Haw. May 15, 2012) (dismissing claims against three prosecutors as barred by absolute prosecutorial immunity because "the Complaint contains no allegations that the prosecutors functioned as anything other than advocates for the State, or carried out any conduct that is normally carried out by non-prosecutors.") (citing *Kalina v. Fletcher*, 522 U.S. 118, 125–26, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (holding that preparation and filing of an information and a motion for an arrest warrant are covered by absolute prosecutorial immunity)); *Franceschi v. Schwartz,* 57 F.3d 828, 830–31 (9th Cir.1995) (affirming the Rule 12(b)(6) dismissal of section 1983 claim on the ground that absolute immunity extended to the issuance of a warrant and the setting of bail); Mans*anares v. Arizona,* 2011 WL 5924349, *4 (D. Ariz. Nov. 22, 2011) ("Immunity also extends to a prosecutor 'eliciting false or defamatory testimony from witnesses' or for making false and defamatory statements during, and related to judicial proceedings.") (quoting *Buckley,* 509 U.S. at 270, 113 S.Ct. 2606).

Therefore, absolute immunity protects the presentation of evidence that Sanchez or Servatius may have made. Plaintiff's claims against Sanchez and Servatius for unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendments are dismissed without leave to amend.

**C.    Denial of Medical Care**

Plaintiff second claim for relief alleges Defendant United States, through the federal court and the U.S. Marshals Service, denied Plaintiff medical care when it rejected Plaintiff's request for an outpatient root canal procedure; instead, performing an in house tooth extraction procedure. Plaintiff brings this claim under the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA").

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, provides the exclusive remedy for tortious conduct by a United States agency or employee in the scope of his or her employment. *See FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998). The United States, however, is the only proper defendant, and an agency or employee thereof is not amenable to suit under the FTCA. *See Craft*, 157 F.3d at 706. The FTCA acts as a limited waiver of the United States' sovereign immunity from suits in tort. *See Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). Under the FTCA, the United States is subject to suits for money damages for personal

injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). According to the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see *Richards,* 369 U.S. at 6, 82 S.Ct. at 589; *Bunting v. United States*, 884 F.2d 1143, 1145 (9th Cir.1989).

Plaintiff's claim is for denial of medical care under the Fourth and Fourteenth Amendment of the United States Constitution. Pl.'s Am. Compl. ¶ 27-35, Doc. 8. Plaintiff's claim is a constitutional claim which cannot be brought under the FTCA. A constitutional tort claim against the United States, agencies of the United States, or federal agents in their official capacity under 28 U.S.C.A. § 1346 is not cognizable because that section does not provide a cause of action for such a claim. *See FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims). The FTCA does not include a waiver of sovereign immunity for constitutional tort claims. *See Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir.1995). Therefore, Plaintiff's claim against the United States for constitutional violations under the Federal Tort Claims Act is dismissed with leave to amend.

To the extent plaintiff seeks to allege a *Bivens* claim against individuals, the Court provides the following standard. Under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violation of the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397. "Though more limited in some respects ..., a *Bivens* action is the federal analog to suits brought against state officials under § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n. 2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) (alteration omitted); *see Ting v. U.S.,* 927 F.2d 1504, 1511 (9th Cir.1991) (following the general trend of incorporating section 1983 law into *Bivens* suits). A *Bivens* plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). *Bivens* liability cannot be established solely on a respondeat superior theory. *Iqbal*, 129 S.Ct. at 1948.

"The factors necessary to establish a *Bivens* violation will vary with the constitutional provision at issue." Iqbal, 129 S.Ct. at 1948. A *Bivens* claim is available to remedy alleged Eighth Amendment violations. *See Carlson v. Green*, 446 U.S. 14, 17–18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Libas Ltd. v. Carillo*, 329 F.3d 1128, 1130 (9th Cir.2003).

To prevail on an Eighth Amendment medical care claim under *Bivens*, plaintiff must plead and prove that defendants demonstrated "deliberate indifference" to her "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029, 117 S.Ct. 584, 136 L.Ed.2d 514 (1996). "[T]he plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotation marks omitted).

In addition, the plaintiff must show that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. Deliberate indifference is satisfied by showing "a purposeful act or failure to respond to a prisoner's" serious medical need and "harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Jett*, 439 F.3d at 1096.

**D.  Speedy Trial**

Plaintiff has asserted a violation of her right to a speedy trial under the Sixth Amendment and 18 U.S.C. § 3161.  The Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within 70 days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

The only possible remedy for a violation for the right to a speedy trial is dismissal of the charges. *See* 18 U.S.C. §§ 3161-3162; *Barker v. Wingo*, 407 U.S. 514, 522 (1972), *Strunk v. United States*, 412 U.S. 434, 440 (1973) (the Court held that dismissal is the only possible remedy for deprivation of constitutional right to speedy trial); *U.S. v. Simmons,* 536 F.2d 827 (9th Cir. 1976).

The Court must dismiss Plaintiff's speedy trial claims because the Court cannot provide any relief that would address the injury. Plaintiff is no longer in custody and charges are not pending. Rather, Plaintiff requests compensatory and punitive damages. However, those damages are not available for Plaintiff's Speedy Trial claim. *U.S. v. Simmons,* 536 F.2d 827 (9th Cir. 1976). Further, granting a dismissal would not redress the injury because Plaintiff has already been acquitted of the charges. Thus, even assuming Plaintiff articulated viable Speedy Trial claims against non-immune defendants, Plaintiff's injury would not be redressed by a favorable decision. Accordingly, Plaintiff's claims under 18 U.S.C. § 3161 and the Sixth Amendment are dismissed without leave to amend.

### IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. Plaintiff's Fourth and Fourteenth Amendment claims for unlawful search and seizure are DISMISSED WITHOUT LEAVE TO AMEND;

2. Plaintiff's Fourth and Fourteenth Amendment claim for denial of medical is DISMISSED WITH LEAVE TO AMEND;

3. Plaintiff's Speedy Trial claims under the Six Amendment and 18 U.S.C. § 3161 are DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff may file an amended complaint concerning allegations of improper denial of medical care. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "Second Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of their claims and must clearly set forth the causes of action alleged against each Defendant.

If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 14, 2014**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE