UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORCHA NEAL, | Case No. 1:12-cv-1327-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS CASE |
| v. | |
| UNITED STATES OF AMERICA, CHARLES RENFRO, DARRYL THOMAS, KIMBERLY A. SANCHEZ, KATHLEEN A. SEVATIUS, | |
| Defendant. | |

Plaintiff Porcha Neal ("Plaintiff"), proceeding pro se and in forma pauperis, has filed this civil rights action against the United States of America ("USA"), Fresno Police Detective Charles Renfro ("Renfro"), ATF Agent Darryl Thomas ("Thomas"), and Assistant United States Attorneys Kimberly A. Sanchez and Kathleen A. Servatius (hereinafter referred to as the "Prosecutors") for events related to her arrest and incarceration in the criminal action of United States of America v. Major, et al.,No. 07-cr-00156-LJO (E.D. Cal., 2007).[1]

---

[1] Plaintiff's original complaint was brought against the United States Department of Justice only, but included "doe" defendants. (Doc. 1.) Plaintiff's First Amended Complaint added these additional defendants.

1

1       This Court screened Plaintiff's original complaint to determine whether it stated a claim for which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4). The Court determined Plaintiff failed to state a claim for which relief could be granted, and dismissed her complaint with leave to amend. *Id.*

      Plaintiff filed an amended complaint on April 10, 2013. (Doc. 8.) On January 15, 2014, this Court screen Plaintiff's First Amended Complaint to determine whether it stated a claim for which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 10.) The Court determined Plaintiff failed to state a claim for which relief could be granted, and dismissed her complaint with leave to amend. *Id.* In the Court's order dismissing Plaintiff's complaint with leave to amend, the Court provided Plaintiff thirty (30) days to file a Second Amended Complaint. Plaintiff was admonished that if she failed "to file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim." *Id.* As of the date of this Order, Plaintiff has not filed an amended complaint.

## DISCUSSION

      Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff has failed to comply with this Court's order to timely prosecute this action and file an amended complaint. More than two months have elapsed since Plaintiff's deadline to file an amended complaint. Moreover, Plaintiff was cautioned that failure to file an amended complaint would result in dismissal of her case,

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice. Here, there will be no resolution of this case given Plaintiff's failure to prosecute. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the Court's order of January 15, 2014 and a failure to prosecute the action.

These findings and recommendations are submitted to the United States District Judge, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15)

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 14, 2014**               /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE